**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**WILLIAM G. BASSLER**
SENIOR JUDGE

MARTIN LUTHER KING JR. FEDERAL
BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5060
P.O. BOX 999
NEWARK, NJ 07101-0999
973-645-2981

October 12, 2005

Re: <u>Canadian National Railway Company v. South Central Timber Company, Inc.</u>, Civ. No. 05-709 (WGB)

John K. Fiorilla
CAPEHART & SCATCHARD, P.A.
Laurel Corporate Center
8000 Midlantic Drive
Suite 300
Mount Laurel, New Jersey 08054

    Counsel for Plaintiff

South Central Timber Company
P.O. Box 245
21 Dividing Ridge Road
Duck Hill, Mississippi 38925

<u>LETTER ORDER FILED WITH THE CLERK OF THE COURT
DENYING THE PLAINTIFF'S APPLICATION FOR ENTRY OF
DEFAULT JUDGMENT</u>

Dear Counsel and Defendant:

    This Court has received and considered the application of the Plaintiff in this action for entry of a default judgment on its claim against the Defendant. Based on the insufficiency of Plaintiff's submissions, the Court concludes that the application must be **denied**.

    Generally, an application to the Court for a default judgment must contain evidence, by affidavit and documents, of the following: (1) the entry of a default; (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor incompetent; (4) that the defendant has been validly served with all pleadings, including the request for the default judgment; (5) the amount of the judgment and how it was calculated; and (6) an Affidavit of non-

military service in compliance with the Soldiers' and Sailors' Relief Act, 50 U.S.C. App. §§ 501, et seq., 520; see Fed. R. Civ. P. 55(b), 54(b); L. Civ. R. 7.1, 58.1.

If the Court determines that a defendant is in default, the factual allegations of the complaint, except for those relating to damages, will be taken as true. Fehlhaber v. Indian Trails, Inc., 425 F.2d 715, 717 (3d Cir. 1970). The amount of damages is not deemed admitted by a defaulting party, Fed. R. Civ. P. 8(d), and a separate evidentiary showing must be made as to damages where the judgment sought is not for a sum certain. See Fehlhaber, 425 F.2d at 717. A damages hearing may be necessary if the documentation is insufficient to satisfy the Court as to the level of damages. Magette v. The Daily Post, 535 F.2d 856 (3d Cir. 1976); see also L. Civ. R. 54.1(b).

The Court finds that the Plaintiff has not made the required showing. The Plaintiff has failed to provide the Court with evidence showing that the Defendant has been validly served with all pleadings, including the request for the default judgment.

For the foregoing reasons, the Plaintiff's motion for a default judgment is **denied without prejudice**. If the Plaintiff wishes to reapply for a default judgment, it must make a formal motion.

**So Ordered.**

Very truly yours,

/S/ WILLIAM G. BASSLER
William G. Bassler, U.S.S.D.J.